IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHUL SHAH, MD on assignment of CHRISTOPHER H., <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF ALABAMA and HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 17-700 (JBS/JS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This dispute arises from Defendants Horizon Blue Cross Blue Shield of New Jersey[1] and Blue Cross Blue Shield of Alabama's ("BCBSAL") alleged refusal to fully reimburse Plaintiff Dr. Rahul Shah ("Dr. Shah") for medical services provided to Christopher H., a patient whose health care plan is administered by BCBSAL. Before the Court is BCBSAL's motion to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Item 10.] The principal issue to be determined is whether the non-assignment clause in the health care plan of Christopher H. bars Dr. Shah's claim as assignee of his patient's payments from BCBSAL, for lack of standing, pursuant

---

[1] On March 8, 2017, the Court signed a Stipulation and Order dismissing Horizon Blue Cross Blue Shield of New Jersey without prejudice. [Docket Item 16.] Accordingly, the Court will only consider Dr. Shah's claims against BCBSAL.

to the Employee Retirement Income Security Act of 1974 ("ERISA"). A secondary issue is whether Dr. Shah has a private right of action alleging that BCBSAL failed to have reasonable claims procedures required by Section 503 of ERISA, 29 U.S.C. § 1133 and the regulations at 29 C.F.R. 2569.503-1. For the reasons that follow, the Court will grant the motion and dismiss the Complaint.

The Court finds as follows:

1. **Factual and Procedural Background.** The facts of this case are straightforward.[2] On March 8, 2016, Dr. Shah performed a lumbar laminectomy and fusion procedure on Christopher H, a patient who holds a health care plan administered by BCBSAL. (Compl. at ¶¶ 5-6, 13.) After the surgery was performed, Dr. Shah purportedly obtained an assignment of benefits from Christopher H., allowing Dr. Shah to sue his patient's insurer under ERISA. (Id. at ¶ 7.) Dr. Shah then prepared a Health Insurance Claim Form, demanding reimbursement from Defendants in the amount of $238,310.00 for those services, but BCBSAL paid only $4,782.93 for the patient's treatment. (Id. at ¶¶ 8-9.) Dr. Shah alleges that he is entitled to the $233,527.07 difference under the terms of his patient's plan. (Id. at ¶ 14.) The

---

[2] The Court accepts as true for the purposes of the instant motions the following facts as alleged in the Complaint.

parties agree that the health benefit plan at issue is governed by ERISA. (Def. Br. at 10; Pl. Opp. Br. at 1.)

2. After allegedly engaging in BCBSAL's administrative appeals process, Dr. Shah filed a Complaint in the Superior Court of New Jersey, Law Division, Cumberland County, which BCBSAL timely removed. [Docket Item 1.] The Complaint brings causes of action for: (1) breach of contract; (2) denial of benefits under § 1132(a)(1)(B); (3) breach of fiduciary duty in violation of § 1132(a)(3); and (4) failure to maintain reasonable claims procedures pursuant to 29 C.F.R. 2560.503-1. [See id. at Ex. 1.] In lieu of an answer, BCBSAL moves to dismiss the Complaint. [Docket Item 5.] BCBSAL's motion is now fully briefed and will be decided without oral argument pursuant to Fed. R. Civ. P. 78.

3. **Standard of Review.** Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of her "entitle[ment] to relief," which requires more than mere labels

3

and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678

5. **Discussion.** As a preliminary matter, Dr. Shah voluntarily dismissed the state law breach of contract claim in Count One, conceding that it is preempted by ERISA. (Pl. Br. at 1.) Accordingly, the Court will dismiss this claim pursuant to Fed. R. Civ. P. 41(a), and dismiss BCSBAL's motion to dismiss as moot as to Count One.

6. The Court will also dismiss Count Four with prejudice for the reasons explained in Shah v. Aetna, 2017 WL 2918943 (D.N.J. July 6, 2017). In Aetna, Dr. Shah also filed a complaint

in which he alleged, as here, that the defendant failed to maintain reasonable claims procedures pursuant to 29 C.F.R. 2569.503-1. Id. at *1. As this Court explained then, neither 29 C.F.R. 2569.503-1 nor its accompanying statute, 29 U.S.C. § 1133 (ERISA § 503), establish a private right of action for failure to comply with the regulatory disclosure requirements. Id. at *3. Accordingly, the Court must grant BCBSAL's motion to dismiss with respect to Count Four with prejudice. Id. (citing United States ex rel. Schumann v. Astrazenca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014)).

7. With respect to the remaining counts, BCBSAL argues the Complaint must be dismissed because Dr. Shah lacks standing to pursue his patient's alleged ERISA claims under an assignment agreement, as such an assignment is expressly prohibited under the terms of Christopher H.'s health care agreement ("the Plan").[3] Dr. Shah, in turn, contends that the clause in the Plan prohibiting assignment is either unenforceable as a matter of law or was waived by BCBSAL through a course of direct dealing with Christopher H. and Dr. Shah. For the reasons that follow, the Court finds that Dr. Shah does not have standing to bring the remaining claims in this case.

---

[3] Because the Court finds that the rest of the Complaint must be dismissed for lack of standing under ERISA, it need not reach BCSBAL's other arguments in support of their motion.

5

8. The parties do not dispute that Christopher H. executed an agreement with Dr. Shah ("the Assignment Agreement"), whereby Christopher H. agreed to "irrevocably assign to [Dr. Shah], my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me, including but not limited to, all of my rights under 'ERISA' applicable to the medical services at issue." (Compl. at Ex. B; Def. Br. at 6.) But, as BCBSAL highlights in its briefing, the Plan contained an explicit anti-assignment clause labeled "No Assignment" ("the Anti-Assignment Clause"), which included in relevant part: "We will not honor an assignment of your claim to anyone." (Def. Br. at 7, Palmer Cert. at Ex. A, p.46). In light of Dr. Shah's attempt to collect benefits as assignee of Christopher H., the Court must determine: (1) whether the Anti-Assignment Clause is valid and enforceable; and (2) if so, whether BCSBAL waived its right to enforce the Anti-Assignment Clause through a course of direct dealing with Christopher H.

9. Dr. Shah argues that the Anti-Assignment Clause is unenforceable because the assignment at issue here involves a "post-loss claim and not a pre-loss policy." (Pl. Opp. Br. at 3.) In support of this position, Dr. Shah relies upon a recent New Jersey Supreme Court decision, <u>Givaudan Fragrances Corp. v. Aetna Cas. & Sur. Co.</u>, 227 N.J. 322 (2017). But, as previously

6

noted, the parties agree that this action is governed by ERISA. Accordingly, this Court is guided by relevant federal law interpreting its provisions. See IGEA Brain & Spine, P.A. v. Blue Cross & Blue Shield of Minn., 2017 WL 1968387, at *2 n.3 (D.N.J. May 12, 2017).

    10. To the extent Dr. Shah contends that the Anti-Assignment Clause is unenforceable under federal law, the Court disagrees. The Third Circuit has held that an assignment of benefits in the ERISA context is permissible, see N. Jersey Brain & Spine Ctr., 801 F.3d 369, 372 (3d Cir. 2015), but it has not yet directly addressed the issue of whether anti-assignment clauses in health care plans are valid and enforceable. Numerous courts in this District have, however, recently found anti-assignment clauses similar to those contained in the Plan to be valid and enforceable. See, e.g., Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield, 2017 WL 4011203, at *8 (D.N.J. Sept. 11, 2017); IGEA Brain & Spine, P.A., 2017 WL 1968387, at *2; Am. Orthopaedic & Sports Med. v. Indep. Blue Cross, LLC, 2017 WL 1243147, at *4 (D.N.J. Feb. 24, 2017); Kaul v. Horizon Blue Cross Blue Shield, 2016 WL 4071953, at *2 (D.N.J. July 29, 2016); Atlantic Orthopaedic Assoc., LLC v. Blue Cross, 2016 WL 889562, at *4 (D.N.J. Mar. 7, 2016).[4] And

---

[4] The Court notes that two cases in this District have found that certain issues involving standing in anti-assignment clause

7

the circuit courts that have addressed the issue have similarly concluded that such anti-assignment clauses are valid and enforceable, provided that the clause is clear and unambiguous. See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc., 371 F.3d 1291, 1295 (11th Cir. 2004); LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc., 298 F.3d 348, 352-53 (5th Cir. 2002); City of Hope Nat'l Med. Ctr. v. HealthPlus Inc., 156 F.3d 223, 229 (1st Cir. 1998); St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc., 49 F.3d 1460, 1464-65 (10th Cir. 1995); Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1478 (9th Cir. 1991). The Court finds no reason to depart from the overwhelming consensus that has developed within this District and around the country. The clear and unambiguous Anti-Assignment Clause is valid and enforceable.

11. Having found that the Anti-Assignment Clause is valid and enforceable, the Court now turns to whether BCBSAL waived

---

cases implicate facts outside the pleadings and should not be decided on a motion to dismiss. See Lourdes Specialty Hosp. of S. New Jersey v. Anthem Blue Cross Blue Shield, 2017 WL 3393807, at *1 (D.N.J. Aug. 7, 2017); Shah v. Horizon Blue Cross Blue Shield of Massachusetts, 2017 WL 1745608, at *1 (D.N.J. May 4, 2017). Given that there are no material disputes of fact here (for example, the parties seem to agree that the Anti-Assignment Clause is clear and unambiguous and that partial payment was made to Christopher H.), the Court finds that further discovery is unnecessary.

8

its right to enforce the Anti-Assignment Clause. Dr. Shah argues that BCBSAL waived the Anti-Assignment Clause by partially reimbursing Christopher H. in the amount of $4,782.93. (See Pl. Opp. Br. at 5-6.) The Court disagrees. "Waiver is the voluntary and intentional relinquishment of a known right." Knorr v. Smeal, 178 N.J. 169, 836 A.2d 794, 798 (N.J. 2003). In order for a waiver to be effective, a party is required to have full knowledge of his legal rights and intent to surrender those rights. Id. "The party waiving a known right must do so clearly, unequivocally, and decisively." Id. As courts in this District have held, direct payment to a patient or healthcare provider does not constitute waiver of an anti-assignment provision where the plan at issue authorizes such payment. See, e.g., Kaul, 2016 WL 4071953, at *2; Advanced Orthopaedics and Sports Medicine v. Blue Cross Blue Shield of Mass., 2015 WL 4430488, at *7 (D.N.J. July 20, 2015). Here, the Plan clearly authorizes such payment, providing in relevant part: "Some of the contracts we have with providers of services, such as hospitals, require us to pay benefits directly to the providers." (See Def. Br. at 7, Palmer Cert at Ex. A, p.46.) Accordingly, the Court finds that BCBSAL did not waive its right to enforce the Anti-Assignment Clause.

12. **Conclusion.** For the foregoing reasons, the Complaint will be dismissed. An accompanying Order shall be entered.

**September 21, 2017**          **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
        U.S. District Judge